IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02611-PAB-BNB

ECHOSTAR SATELLITE, L.L.C., a Colorado limited liability company,

    Plaintiff,

v.

SPLASH MEDIA PARTNERS, L.P., a Texas limited partnership,
SPLASH GP, INC., a Texas corporation,
MARC SPARKS, an individual, and
CHRIS KRAFT, an individual,

    Defendants.

## ORDER

This matter is before the Court on defendants Sparks and Kraft's amended motion to dismiss the fraud-based claims ("Defs.' Mot.") [Docket No. 135] of plaintiff's first amended complaint ("Compl.") [Docket No. 128]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

The following facts are drawn from plaintiff's complaint and are assumed to be true for purposes of the present motion. EchoStar, a satellite video programming carrier, and Splash Media Partners, L.P. ("Partners")[1] entered into an agreement in December 2004 whereby EchoStar would transmit Partners' television network.

---

[1] Defendants Marc Sparks and Chris Kraft are principals of Partners and defendant Splash GP, Inc.

Partners was required to make monthly payments in exchange for transmission of the network. *See* Compl. at 4-5, ¶ 21 ("[Partners], along with its general partners Splash G.P., Sparks, and Kraft, was required under the [contract] to make payments to EchoStar for EchoStar's broadcast [of the network]."). Instead of receiving payments from Partners, however, EchoStar received monthly payments from an entity called Splash Media, L.P., which plaintiff has not named as a defendant in this action. EchoStar alleges that receiving monthly payments from Splash Media, L.P. concealed the fact that Partners was insolvent due to a failure to transfer funds into Partners. In any event, EchoStar received payments from Splash Media, L.P. until sometime in September 2006, when payments stopped.

Plaintiff seeks recovery for breach of contract arising out of that failure to pay. *See, e.g.*, Compl. at 11. Moreover, it raises claims of fraudulent transfer, though EchoStar appears to allege that the individual defendants *failed* to transfer income into Partners, instead leaving it with themselves or other entities (such as – the complaint implies – Splash Media, L.P., which made the monthly payments to EchoStar). *See* Compl. at 6, ¶ 28 ("The transfers were not transfers in the traditional sense. Defendants Kraft and Sparks never allowed the income set forth in the financials to flow into [Partners and Splash G.P.] at all so that it could be transferred later.").

Finally, plaintiff raises a number of claims sounding in fraud, contending – as best the Court can decipher – that defendants misrepresented that Partners was solvent (and concealed its insolvency) by paying its monthly bills from the account of another entity. It is only these fraud claims, namely, the eighth, ninth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth claims for relief, that are the subject of

2

defendants' present motion. Defendants bring their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Plaintiff does not dispute that these claims sound in fraud and must meet the particularity requirements of Federal Rule of Civil Procedure 9(b).

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah St. Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erikson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more

3

than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alteration marks omitted).

The present motion also implicates the requirements of Federal Rule of Civil Procedure 9(b), which requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Tenth Circuit "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (citing *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).[2]

## III. DISCUSSION

Plaintiff's allegations of fraud are insufficiently particular. In support of its fraud claims, plaintiff alleges that paragraphs 23 through 40 of its complaint provide the necessary particularity. There are, however, no specific misrepresentations identified by "time, place and contents," *Koch*, 203 F.3d 1236, in those paragraphs or anywhere

---

[2]*See Koch*, 203 F.3d at 1236-37 ("Rule 9(b)'s purpose is 'to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . .'") (citation omitted).

4

else in the complaint. Nor do the allegations identify who made any such statement. Instead, plaintiff broadly alleges that defendants "at all times represented to EchoStar that [Partners] was a solvent company that would be able to pay its debts to EchoStar through collection of income from [its television network's] broadcasts and sales." Compl. at 8, ¶ 32. Yet, plaintiff does not identify a single instance when a particular defendant made such a misrepresentation.

Plaintiff also alleges defendants "provided EchoStar with documents containing false information regarding [Partners'] assets including checks purported to be from [Partners] when [Partners'] tax returns show that [Partners] had no income or assets at any time." Compl. at 19, ¶ 94. EchoStar appears to be alleging that since the company that paid it was solvent and had a similar name, the issuance of checks from that company defrauded EchoStar into thinking Partners had assets. Those allegations appear to go, at most, to plaintiff's ability to eventually recover on any meritorious contract claim. How the receipt of these checks from Splash Media, L.P. defrauded EchoStar is not clear from the complaint. Nor are the dates and the contents of those checks. No other "documents" have been identified. Such general pleading is insufficient to meet Rule 9(b)'s requirements.

Plaintiff also contends that defendants defrauded EchoStar by concealing the alleged fact that Partners was insolvent. "To prevail on a claim for fraudulent concealment under Colorado law, a plaintiff must demonstrate: (1) the defendant failed to disclose a past or present fact that (2) he or she had a duty to disclose, (3) with intent to induce plaintiff to take a course of action he otherwise would not have taken and (4) plaintiff justifiably relied on the omission." *Wisehart v. Zions Bancorporation*, 49 P.3d

5

1200, 1204 (Colo. App. 2002).³ The complaint lacks any particularized allegations regarding which specific individuals had a duty to disclose specific information and precisely when they failed to abide by that duty. The complaint merely alleges a general failure to disclose, over the course of years, Partners' alleged insolvency. The Tenth Circuit, in *Koch*, found that generalized allegations, such as "during 1982 and continuing to the present time, defendants planned and acted to conceal the true value of shares of stock in [the corporation] from plaintiffs and the other selling shareholders," were insufficiently particular. 203 F.3d at 1236-37. Plaintiff's allegations are similarly lacking in particularity. In response to defendants' motion, plaintiff directs the Court to nothing calling this conclusion into question. Plaintiff simply restates its generalized allegation that defendants misrepresented and concealed the true financial state of Partners at unspecified times. *See, e.g.*, Pl.'s Response [Docket No. 138] at 5 (citing Compl. at 5 ¶ 22, 32).

Anticipating this outcome, plaintiff requests leave to amend its complaint in the event the Court concludes the fraud allegations are insufficient to meet the requirements of Rule 9(b). *See* Pl.'s Response at 15. There is no proper motion before the Court requesting such leave, *see* Fed. R. Civ. P. 15(a)(2); D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion."), and

---

³The Court has applied the law of Colorado, upon which both parties rely, in this diversity action. *See Elliot v. Turner Const. Co.*, 381 F.3d 995, 1001 (10th Cir. 2004) ("In a diversity action, we apply the substantive laws of the forum state, including its choice of law rules. . . . [T]he parties do not dispute that Colorado law applies to [plaintiff's] tort claims."); *cf. Commercial Union Ins. Co. v. Image Control Property Management, Inc.*, 918 F. Supp. 1165, 1168 n.2 (N.D. Ill. 1996) ("Because the parties do not dispute that Illinois law applies in this diversity action, and we discern no reason for applying another state's law, we apply Illinois law.").

6

plaintiff does not identify what particularized allegations it could now make in the wake of the discovery conducted in this case. Therefore, the Court will dismiss with prejudice the fraud claims subject to defendants' present motion.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' amended motion to dismiss [Docket No. 135] is GRANTED. It is further

**ORDERED** that plaintiff's eighth, ninth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth claims for relief are DISMISSED with prejudice.

DATED March 31, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge